# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| A.W. by and through J.W., : | |
| E.M. by and through B.M, : | |
| M.F. by and through J.C., & : | |
| D.G. by and through D.G., : | |
| : | |
| Plaintiffs. : | |
| : | CIVIL ACTION FILE |
| : | NO. 3:21-00218-TCB |
| v. : | |
| : | |
| COWETA COUNTY SCHOOL : | |
| DISTRICT & : | |
| CHRISTI HILDEBRAND, : | |
| : | |
| : | |
| Defendants : | |

## PLAINTIFFS BRIEF IN SUPPORT OF THEIR FIRST MOTION TO AMEND THE COMPLAINT

COME NOW all Plaintiffs, A.W., through J.W., W.M, through B.M., M.F through J.C. and D.G, through D.G., (hereinafter sometimes the Plaintiffs) and having moved the Court to allow the attached amendment under Fed. R. Civ. P. 15, file their brief in support of such putative amendment.

### I.  INTRODUCTION AND PROCEDURAL STATUS

The putative amendment is filed as Exhibit 1 and is a complete amendment. The Amendment responds in part to United States Supreme Court ruling under the

claims and remedy available under Sec. 504 of the Vocational Rehabilitation Act, 29 U.S.C. §§ 794 and 794a(c), and to claims and contentions made in the Defendants' Motion to Dismiss, Dkt. 12. Discovery has not yet commenced, nor has an answer been filed. Plaintiffs cannot report that the Defendants consent to the amendment, requiring this motion, brief and tender of the putative Amendment to the Complaint. In the face of a timely amendment under Fed. R. Civ. P. 15 and the absence of prejudice, Plaintiffs seeks the Court's leave to file their Amendment and to allow the case to proceed.

## II. ARGUMENT AND CITATION OF AUTHORITY

A. <u>Standard for Amending the Complaint under the Federal Rules</u>

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Even a scheduling order which addresses amendments may be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4), though here the Rule 16 order has not been entered. The decision as to whether or not to grant leave to amend a pleading is within the sound discretion of the district court, but this discretion is strictly circumscribed by the proviso that "leave shall be freely given when justice so requires." <u>Gramegna v. Johnson</u>, 846 F.2d 675, 678 (11th Cir. 1988) (citing and quoting Rule 15(a) and <u>Espey v. Wainwright</u>, 734 F.2d 748, 750 (11th Cir. 1984).

Therefore, a justifying reason must be apparent for denial of a motion to amend "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).

In reviewing an amendment, leave is freely given where the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Generally, a "plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting Woldeab v. DeKalb Cty. Bd. of Educ., 885 F.3d 1289, 1290, 1292 (11th Cir. 2018)).

Rule 15 was definitively interpreted in Foman v. Davis, 371 U.S. 178 (1962), where it held that in the absence of a dilatory motive or repeated failures to cure deficiencies, leave to amend should be given freely:

> "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

Id., at 182.

    B.  There are No Substantial Reasons to Deny the Amendment

Leave to file Plaintiffs' First Amended Complaint is appropriate under Rule 15. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (internal citation omitted); Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).

Applying the Foman/Rule 15 factors, all support the amendment:

The amendment is sought to resolve the dispute embedded in arguments in the Defendants' motion to dismiss, and therefore is curative. It is pled to set out the facts that support the specific claims for relief. It is promptly sought with the response to the motion to dismiss and therefore there is no change of gear after discovery costs have arisen, nor any final case development and preparation costs. It does not seek to prolong discovery, nor re-litigate settled issues or delay the disposition of a case ripe for resolution. See Maynard v. Bd of Regents of the Div. of Univers. of Fla. Dep't. of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003) (upholding district court denial of motion for leave based on prejudice where plaintiff sought leave to amend on the last day of extended discovery period with9out showing good cause for the delay). There is no prejudice to Defendant within the process of the case.  This is not the product

of *repeated* failures and multiple amendments. Plaintiffs submit that leave is appropriate and should be freely given.

In conclusion and in the face of a motion to dismiss under Rule 12(b)(6), Plaintiffs respectfully seek the Court's leave to file the putative amendment, as part and parcel of responding to the motion and proceeding with the case. Respectfully submitted, this 1st day of July 2022.

/s/ David S. Ballard
DAVID S. BALLARD
Georgia Bar No. 635107

**BALLARD LAW OFFICE, LLC**
113 Glynn Street South
Fayetteville, Georgia 30214
Tel: 770-461-4222
Fax: 770-461-8420
dballard@fayettelawyer.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing PLAINTIFF'S BRIEF IN SUPPORT OF FIRST MOTION TO AMEND THE COMPLAINT has been prepared with 14-point Times New Roman font, which is one of the font and point selections approved by the Court in LR 5.1C, N.D. Ga.

This 1st day of July 2022.

*/s/ David S. Ballard*
DAVID S. BALLARD

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically serve email notification of such filing to the following counsels of record:

Wayne S. Melnick, Esq., Michael M. Hill, Esq.<br>
Counsel for Defendants<br>
FREEMAN MATHIS & GARY, LLP<br>
Atlanta, Georgia 30339

This 1st day of July 2022.

<i>/s/ David S. Ballard</i><br>
DAVID S. BALLARD<br>
Attorney for Plaintiffs<br>
Georgia Bar No. 635107

**BALLARD LAW OFFICE, LLC**
113 Glynn Street South
Fayetteville, Georgia 30214
Tel: 770-461-4222
Fax: 770-461-8420
dballard@fayettelawyer.com